# SUBRANNI ZAUBER LLC

Willow Ridge Executive Office Park
750 Route 73 South, Suite 307B
Marlton, NJ 08053
(856) 985-3086

Thomas J. Subranni*†
Scott M. Zauber
John P. Leon*
Jennifer A. Trofa**
William P. Rubley*
Robert L. Baker, Jr.°
Jeanie D. Wiesner
Michael P. Morrow°
_____
Margaret A. Holland* - Of Counsel
Randal Cowles ◊ - Of Counsel

Atlantic City Office:
1624 Pacific Avenue
Atlantic City, NJ 08401
(609) 347-7000
Fax: (609) 345-4545

*PLEASE RESPOND TO THE MARLTON OFFICE*

Delaware Office:
Towne Center Building
4 East Eighth Street, Suite 302
Wilmington, DE 19801
1-800-391-5706

*Members of NJ and PA Bar
°Member of NJ and NY Bar
◊ Member of DE and PA Bar
** Member of NJ and IL Bar
†LL.M. in Taxation

March 12, 2012

The Honorable Judith H. Wizmur
Judge, Bankruptcy Court
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Fourth Floor
Camden, NJ 08101

      RE:    In re Aubree S. Phillips
               Case No.:  09-28759 (JHW)
               <u>Debtor's Motion to Reopen</u>

Dear Judge Wizmur:

    Please accept this short letter brief in lieu of a more formal memorandum of law in further support of Debtor's Motion to Reopen her bankruptcy case so as to amend schedules B and C of her petition. By this Motion Debtor seeks to amend schedules B and C to include a claim against her former employer so that the claim can be properly administered by the Trustee.

    Section 350(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 5010 recognize the right to reopen a closed bankruptcy estate "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); Fed. R. Bankr.P. 5010. Whether to reopen a case under § 350(b) is within the broad discretion of the bankruptcy court. *In re Zinchiak* 406 F.3d 214, 223 (3d Cir. 2005). Such decisions are reviewed for abuse of discretion. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). Here, the Debtor moves the Court to reopen her case for the purpose of amending her Schedule B to add an asset, namely a state court cause of action for sexual harassment so as to allow for the claim to be properly administered under the code.

    Harrahs, the defendant against whom Debtor has made her claims of sexual harassment, filed

The Honorable Judith H. Wizmur
RE:    In re Aubree S. Phillips
Case No.:  09-28759 (JHW)
Debtor's Motion to Reopen
March 12, 2012
P a g e | 2
_____

an objection to her Motion to Reopen. Harrahs argues that the case should not be reopened because Debtor's certification allegedly contains untrue statements. Harrahs maintains, in essence, that Debtor forfeited her claim when she did not list it in on her original schedule of assets, however Harrahs has cited to no legal authority whatsoever to support its claim.  Debtor has since filed an amended certification elucidating her failure to include the claim in her original bankruptcy schedules. Debtor's Motion to Reopen should be granted and Harrahs' objection overruled as (A) Harrahs lacks standing to object; and (B) this motion is merely an administrative motion to determine whether the claim against Harrahs is to be considered an asset of the estate for the benefit of creditors, not whether the claim ultimately has merit.

> A.    **Harrahs Lacks Standing To Object To Debtor's Motion To Reopen To Amend Schedules B   and C.**

As a threshold issue of course, the Court must determine whether Harrahs even has standing in this proceeding, entitling it to be heard.  The fact that Harrah's is a defendant in the state court action does not make it a party in interest with respect to the bankruptcy case. Harrahs is not a creditor and it lacks any other relation to the bankruptcy estate. Case law holds that a state court action defendant lacks standing to object to a motion to reopen. *In re Sweeney*, 275 B.R. 730, 733 (Bankr.W.D.Pa 2002); *In re Ayoub*, 72 B.R. 808, 812 (Bankr.M.D.Fla.1987).

The court in *In re Sweeney* stated the rule succinctly:

> However, and unfortunately for the State Court Action Defendants, that they are named as parties in the State Court Action does not thereby also make them parties-in-interest with respect to the instant bankruptcy case. Because said entities lack any other relation to the instant bankruptcy case, they thus are not parties-in-interest with respect to the same, which means that they lack standing to participate in matters that deal solely with the administration of such case such as, inter alia, the Trustee's motion to reopen and application to employ.

*In re Sweeny*, 275 B.R. 730, 733 (Bkrtcy.W.D.Pa.,2002)

In this matter the Motion to Reopen deals with the administration of the estate and Harrahs, as

The Honorable Judith H. Wizmur
RE:    In re Aubree S. Phillips
Case No.:  09-28759 (JHW)
Debtor's Motion to Reopen
March 12, 2012
P a g e | **3**
_____

merely the defendant in the state court action, lacks standing to participate in matters dealing with the administration of the estate.

### B.    The Claim Against Harrahs Is An Asset Of The Estate That Needs To Be Properly Administered For The Benefit Of Debtor's Creditors.

Moreover, even if Harrah's had standing to object to the Motion to Reopen, its objection to the motion is misplaced. Whether or not Debtor's certification is truthful is immaterial. Debtor's claim against Harrahs is an asset of the estate and it must be administered for the benefit of her creditors.

It has long been established that when a debtor fails to schedule an asset, it is not abandoned because the trustee did not know of the existence of the asset and so intent to abandon cannot be inferred. Therefore, title to the asset did not revest in the debtor even after discharge. *First National Bank v. Lassiter* 196 U.S. 115, 25 S. Ct.206, 49 L.Ed. 408 (1905). In fact, property of the debtor remains dormant in the estate, in *custodia legis,* in the bankruptcy court, until the court again appoints a trustee to represent the creditors. *Stein v. United Artists Corp.*, 691 F.2d 885, 893 (9th Cir. 1982). Debtor's state court action remains property of the bankruptcy estate because it was not expressly abandoned by the trustee prior to the closing of the case. Thus, reopening pursuant to § 350(b) is proper so that the unabandoned asset can be administered. The fact that a trustee may be able to realize assets for the estate by investigating unabandoned claims is reason to reopen a bankruptcy case. *In re Winebrenner* 170 B.R. 878, 882 (Bankr.E.D.Va. 1994).

Clearly, and understandably, Harrah's reason for objecting to the reopening of the estate is strategic and defensive. The objection here is a litigation tactic meant to stall and impede prosecution of the sexual harassment claim in the state court action. Harrahs' objective is to reduce the estate's recovery in connection with the state court action. Harrahs' fundamental goal is to bar Debtor's state court claim. However, the unsecured creditors of this estate should not be forced to sponsor a windfall for an alleged malefactor. The disclosure requirements of bankruptcy are meant to protect the creditors who would be prejudiced by a debtor's failure to disclose hidden assets. They are not

The Honorable Judith H. Wizmur
RE:    In re Aubree S. Phillips
Case No.:  09-28759 (JHW)
Debtor's Motion to Reopen
March 12, 2012
P a g e | 4
_____

meant to allow a state court defendant to avoid liability for wrongdoing. Harrahs' interest in defending itself in the state court action is actually contrary to the interests of the rightful creditors of the Debtor who have a proper interest in maximizing any recovery from Harrahs.

Here, the Court must consider the interests of Debtor's unsecured creditors. Denying the Motion to Reopen would penalize the unsecured creditors because it would potentially foreclose the prosecution of claims against Harrahs. Those claims could, if successful, result in a substantial increase of the estate and in the distribution of some dividend to unsecured creditors and possible result in 100% distribution. In the alternative, if the estate is not reopened, the only winner in the situation will be Harrahs because it may be relieved of the necessity of justifying its allegedly illegal behavior.

It is within the sound discretion of the Court to reopen this case. The veracity of Debtor's certification matters not insofar as administration of the estate is concerned. Debtor's state court action against Harrahs is an asset of the estate. That asset has not been abandoned. The case should be reopened so that the schedule of assets can be amended and a trustee can be appointed to administer the asset for the benefit of the valid creditors of Debtor.

Harrahs' reliance on judicial estoppel is misplaced.  The issue of judicial estoppel should be raised in the state court proceedings, not in these proceedings.  This motion is simply to reopen the case so as to allow proper administration of the estate, not to ultimately prove Harrahs' wrongdoing or determine the amount of recovery. In fact the only issue for this Honorable Court to determine is whether Plaintiff's claim against Harrahs is to be considered an asset of the estate that needs to be administered.  If so, the case needs to be reopened.  This Honorable Court is not charged with the responsibility to determine the merits or potential value of the state court action.  Those are issues to be determined by the state court.

The Honorable Judith H. Wizmur
RE:    In re Aubree S. Phillips
Case No.:  09-28759 (JHW)
<u>Debtor's Motion to Reopen</u>
March 12, 2012
P a g e  | 5

_____

**CONCLUSION**

Debtor's Motion to Reopen to allow her to amend Schedules B and C should be granted and Harrah's objections should be overruled.  First and foremost, Harrahs lacks standing to raise their objection in this matter.  It has no other relation to this bankruptcy matter other than being a state court defendant.  Second, this Motion to Reopen is for administration purposes only.  It is not to determine the merits or value of the underlying state court claim.  The issue here is whether the claim is an asset of the estate, not whether the claim has merit.  If it is an asset of the estate, the Motion to Reopen should be granted so as to allow for the proper administration of the estate and for proper distribution to the debtor's creditors, if the debtor is successful in her state court matter.  If this Honorable Court sustains Harrahs' objection to the reopening of the case to administer the asset, Harrahs would likely enjoy a tremendous windfall, while in turn the Debtor's creditors would be severely prejudiced.

Ultimately the claim against Harrahs should be considered an asset of the estate and it should be administered pursuant to the Code.  As such, Debtor's Motion to Reopen should be granted.


Respectfully Submitted,


<u>/s/ William P. Rubley____</u>
William P. Rubley
<u>wrubley@subranni.com</u>
SUBRANNI ZAUBER LLC
*Attorneys for Debtor*