NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In the Matter of          :          Case No. 09-28759/JHW

Aubree S. Phillips         :          **OPINION**

      Debtor        :

APPEARANCES:  William P. Rubley, Esq.
Subranni Zauber LLC
Willow Ridge Executive Office Park
750 Route 73 South, Suite 307B
Marlton, New Jersey 08053
Counsel for Debtor

Eric A. Savage, Esq.
Littler Mendelson
One Newark Center – Eighth Floor
Newark, New Jersey 07102
Counsel for Harrah's Resort Atlantic City

Douglas S. Stanger, Esq.
Flaster/Greenberg
646 Ocean Heights Avenue
Linwood, New Jersey  08221
Chapter 7 Trustee

> **FILED**
> JAMES J. WALDRON, CLERK
>
> April 12, 2012
>
> U.S. BANKRUPTCY COURT
> CAMDEN, NJ
> BY:  s/ Theresa O'Brien, Judicial
> Assistant to Chief Judge Wizmur

      Before the court is the debtor's motion to reopen her Chapter 7 bankruptcy for purposes of administering a previously undisclosed asset.  For the following reasons, the debtor's motion is granted.

## **FACTS**

The debtor, Aubrey Phillips, filed a voluntary Chapter 7 petition on July 20, 2009. The Chapter 7 trustee filed his report of no distribution on August 21, 2009, the debtor received a discharge on October 23, 2009, and the bankruptcy case was closed on October 30, 2009.

The debtor filed a complaint against Harrah's Resort Atlantic City, in the Superior Court of New Jersey, Law Division, in Atlantic County, No. ATL-L-4506-09, on November 17, 2009, alleging employment discrimination. According to the debtor, she retained her attorney in that action on July 20, 2009, one week after she filed her bankruptcy petition. The record reflects that the debtor contacted attorneys regarding her employment claims at least six months before July 2009, and met with a psychologist to discuss her injuries on August 10, 2009. The debtor did not disclose her claims against Harrah's in her petition, nor did she reveal them at her § 341 meeting, held on August 20, 2009. Because of the debtor's failure to reveal her claim in the bankruptcy proceeding, Harrah's filed a motion for summary judgment in the state court proceeding on February 13, 2012, asserting that the debtor was judicially estopped from bringing these claims.

On the same date, February 13, 2012, the debtor moved to reopen her bankruptcy case so that the claim against Harrah's could be administered.

Harrah's filed an objection on March 6, 2012.  On March 13, 2012, the Chapter 7 Trustee filed a letter supporting the debtor's motion to reopen the case, and a hearing was held on the matter that same day.  The court directed the parties to brief the issues and a follow-up conference call was scheduled and then adjourned to April 12, 2012.   The court determined to resolve the matter by written opinion in lieu of holding the telephone conference call.

**DISCUSSION**

I.    Standing.

Section 350(b) of the Code addresses reopening of cases and states that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).  Bankruptcy Rule 5010 governs the procedure for reopening:

> A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

Fed.R.Bankr.P. 5010.  Standing to oppose reopening of a case is not directly addressed by the Code or the Rules.  Some courts have stated that only a party in interest may object to the reopening of a bankruptcy case in a Chapter 7.  In re Sweeney, 275 B.R. 730 (Bankr. W.D. Pa. 2002); In re Lewis, 273 B.R. 739 (Bankr. N.D. Ga. 2001).  Other cases, relying primarily on Section 1109(b) of

3

the Bankruptcy Code,[1] have applied the "party in interest" standard in the context of standing issues related to opposing the reopening of Chapter 11 cases. In re Miller, 347 B.R. 48 (Bankr. S.D. Tex. 2006); In re Koch, 229 B.R. 78 (Bankr. E.D.N.Y. 1999). Bankruptcy Rule 2018 provides that the court may allow any "interested entity" to intervene in a bankruptcy case or "any specified matter." Fed.R.Bankr.P. 2018(a).

The debtor asserts that Harrah's lacks standing to oppose the motion because it is not a creditor and "lacks any other relation to the bankruptcy case." Harrah's asserts that it is a creditor because it is the disputed owner of the asset that the debtor wishes to include in her estate, i.e., the funds the debtor would receive from Harrah's were she successful in the state court action. In addition, Harrah's asserts that it is a potential creditor of the debtor's estate because it seeks to recover fees and costs from the debtor related to the state court action.

Harrah's assertion that it has standing as a potential creditor has no merit. Harrah's is seeking fees and costs in the debtor's state court action, but the debtor's Chapter 7 petition was filed before her state court complaint was

---

[1] 11 U.S.C. §1109(b) states:

A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

4

brought against Harrah's. Therefore, Harrah's did not accrue any fees and costs before the petition was filed, and does not have a pre-petition claim against the debtor.

Recently, the Third Circuit has provided guidance on what defines a "party in interest" in the context of opposition to a Chapter 11 plan. In re Global Indus. Techs., Inc., 645 F.3d 201, 210-212 (3d Cir.), cert. denied, 132 S. Ct. 551, 181 L.Ed.2d 397 (2011). The court described a "party in interest" "as one who 'has a sufficient stake in the proceeding so as to require representation,'" Id. at 210 (quoting In re Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985)), also adopting the Seventh Circuit's definition of "'anyone who has a legally protected interest that could be affected by a bankruptcy proceeding.'" Id. (quoting In re James Wilson Associates, 965 F.2d 160, 169 (7th Cir.1992)). A "party in interest" under either of these definitions is also subject to the dictates of the standing conferred by Article III. Id. The Circuit described constitutional standing as follows:

> A party seeking constitutional standing must demonstrate an "injury in fact" that is "concrete", "distinct and palpable", and "actual or imminent." Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Additionally, the party must establish that the injury "fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." Id. (internal quotations omitted). We have noted that "[t]he contours of the injury-in-fact requirement, while not precisely defined, are very generous." Bowman v. Wilson, 672 F.2d 1145, 1151 (3d Cir.1982). The standard is met as long as the party alleges a "specific, 'identifiable trifle' of injury," id. (quoting United States v. Students Challenging Regulatory Agency Procedures, 412 U.S. 669, 686–90, 690 n. 14, 93 S.Ct. 2405, 37 L.Ed.2d 254

5

(1973)), or a "personal stake in the outcome of [the] litigation," The Pitt News v. Fisher, 215 F.3d 354, 360 (3d Cir.2000).

Id.

Courts have disagreed about whether parties who are defendants in state court actions brought by debtor-plaintiffs have standing to oppose the reopening of a bankruptcy. Compare In re Lewis, 273 B.R. 739, 743 (Bankr. N.D. Ga. 2001) (state court defendants can oppose motion to reopen because of impact reopening would have on both forums), In re Koch, 229 B.R. at 81-82 (defendant had standing as owner of property) with In re Riazuddin, 363 B.R. 177, 182-83 (10th Cir. BAP 2007) (state court defendant did not have standing to oppose the motion because its liability would be affected by the state suit but not by the bankruptcy)[2]; In re Miller, 347 B.R. at 52; In re Sweeney, 275 B.R. at 733 (defendants do not have standing in bankruptcy simply because they have standing in state court action). See also In re Kreutzer, 2007 WL 2891064, 249 Fed. Appx. 727, 729 (10th Cir. 2007)(state court defendant did not qualify for more stringent "person aggrieved" standard for appellate review of bankruptcy reopening).

Under both constitutional standing principles and the statutory provisions governing standing under the Bankruptcy Code, the better view is

---

[2] In re Riazuddin relied on In re Alpex, a Tenth Circuit case that found that a state court defendant did not have standing to reopen the debtor's bankruptcy under Rule 5010 of the Bankruptcy Rules, which enumerates those parties that have standing to reopen a case. 71 F.3d 353, 356 (10th Cir. 1995).

that the defendant is not subject to an injury in fact based upon the reopening of the bankruptcy estate, nor does it hold a "legally protected interest" that the debtor seeks to affect through the course of the bankruptcy, and is thus not a party in interest.  "'[T]he mere act of reopening a closed bankruptcy . . . is a purely ministerial act with no legal significance for the underlying bankruptcy,' let alone for an independent tort action." In re Kreutzer, 249 Fed. Appx. at 729 (quoting In re Quarles, No. 06-CV-0137-CVE-SAJ, 2007 WL 171913, *5 (N.D.Okla. Jan.18, 2007)).  Harrah's is free to proceed with the state court action unhampered by the process in the bankruptcy court and is free to assert whatever defenses it possesses in that action, including the defense of judicial estoppel, which is not precluded even if the debtor is able to include her claim against Harrah's in her bankruptcy.³  See In re Krystal Cadillac-Oldsmobile

---

³ The principle of judicial estoppel, also known as the "'doctrine against the assertion of inconsistent positions,' is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that [he] has previously asserted in the same or in a previous proceeding." Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 358 (3d Cir. 1996).  The Third Circuit has stressed that "judicial estoppel is an 'extraordinary remed[y] to be invoked when a party's inconsistent behaviour will otherwise result in a miscarriage of justice.'" Id. at 365.  (quoting Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 424 (3d Cir. 1988)).

The Third Circuit has addressed the role of judicial estoppel in barring claims brought by plaintiffs who had previously filed for bankruptcy without disclosing such claims in their petitions. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 319; Ryan Operations, 81 F.3d at 361-65.  The court determined that, in these circumstances, application of judicial estoppel required a three-part inquiry:

(1)  "the party to be estopped must have taken two positions that are irreconcilably inconsistent."
(2)  "the party changed his or her position 'in bad faith -i.e., with intent to play fast and loose with the court.'"

GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 320-21 (3d Cir. 2003), cert. denied, 541 U.S. 1043, 124 S. Ct. 2172, 158 L.Ed.2d 732 (2004) (finding debtor estopped from making claim not included in a disclosure statement even after the disclosure statement was amended). See also In re Kreutzer, 249 Fed. Appx. at 729 (noting that state court defendant had opportunity to present a judicial estoppel defense in state court and thus the availability of the defense did not impact upon reopening of the bankruptcy).

I conclude that Harrah's does not have standing to oppose the motion to reopen. I will now consider the merits of the debtor's motion to reopen the case.

II.    Motion to Reopen.

"A bankruptcy court exercises broad discretion in deciding whether to reopen a case." In re Dimogerodakis, No. 10–0004, 2011 WL 1362342, *4 (D.N.J. Apr. 11, 2011) (citing to In re Zinchiak, 406 F.3d 214, 223 (3d Cir. 2005)). The Third Circuit reviews such decisions for abuse of discretion. In re Zinchiak, 406 F.3d at 223. The standard employed is set out in § 350(b): "to

---

(3)    Estoppel must be "'tailored to address the harm identified' and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.

Krystal Cadillac, 337 F.3d at 319 (quoting Montrose Medical Group Patricipating Savings Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001)). All three prongs must be satisfied if the court is to apply the doctrine. In re Kane, 628 F.3d 631, 639 (3d Cir. 2010).

8

administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "The moving party has the burden of establishing cause to reopen." In re Arana, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011).

Bankruptcy courts have considered a variety of factors when determining whether reopening is appropriate, such as the likelihood of recovery for creditors, In re Lopez, 283 B.R. 22, 27 (9th Cir. BAP 2002), including whether the debtor would be estopped from recovering such assets for the benefit of creditors. In re Walker, 323 B.R. 188, 194-99 (Bankr. S.D. Tex. 2005). Courts have also examined the length of time since the debtor's case was closed. In re Walker, 323 B.R. at 194 (citing to In re Case, 937 F.2d 1014, 1018 (5th Cir. 1991)). In In re Koch, the court identified three factors that should be examined: "the benefit to the debtor, the prejudice to the affected entity . . . and finally, the benefit to the creditors." 229 B.R. at 85-86.

Some courts have, in the face of potential administrable assets, nonetheless concluded that bad faith on the part of the debtor bars reopening a bankruptcy case. See, e.g., In re McMellon, 448 B.R. 887 (S.D.W.Va. 2011); In re Walker, 323 B.R. at 197-98. Other courts have asserted that the administration of assets for the creditors' benefit is paramount and that bad faith is therefore not relevant when such assets are available. E.g., In re Lopez, 283 B.R. at 30; In re Dewberry, 266 B.R. 916, 919 (Bankr. S.D. Ga. 2001).

9

The Ninth Circuit BAP has stated that "it is an abuse of discretion to deny a motion to reopen where 'assets of such probability, administrability, and substance' appear to exist 'as to make it unreasonable under all the circumstances for the court not to deal with them.'" In re Lopez, 283 B.R. at 27 (quoting In re Herzig, 96. B.R. 264, 266 (9th Cir. BAP 1989)).  See also In re Mullendore, 741 F.2d 306, 308 (10th Cir. 1984)(citing to In re Joslyn's Estate, 171 F.2d 159, 164 (7th Cir. 1948)).  Bad faith may generally be a factor when determining whether to reopen a case; however, bad faith of the debtor cannot override the need to administer assets for the benefit of creditors.  E.g., In re Lopez, 283 B.R. at 30; In re Dewberry, 366 B.R. 916, 919 (Bankr. S.D. Ga. 2001).  As stated in In re Dewberry, "[t]his Court is unwilling to punish Debtor's creditors based merely on the fact of Debtor's nondisclosure." 266 B.R. at 919.  See also In re Arana, 456 B.R. at 173 ("'Some courts have looked to whether the debtor's nondisclosure was intentional. . . . However, the better view is that creditors in the bankruptcy case should not be deprived of their ability to be paid proceeds of the asset regardless of the debtor's intent.'" (quoting 3 Collier on Bankruptcy ¶ 350.03[1] at 350–7)).  In In re Lopez, the court asserted that the bad faith of the debtor should not preclude reopening to administer assets, but rather that the bad faith of the debtor may be "addressed by other methods," such as disallowance of exemptions.  283 B.R. at 30.  See also In re Clark, 274 B.R. 127, 136 (Bankr. W.D. Pa. 2002)("'[t]he bankruptcy court has the discretion to disallow the amendment of exemptions

10

if the amendment has been made in bad faith or prejudices third parties.'") (quoting In re Kaelin, 271 B.R. 316, 320 (8th Cir. BAP 2002)).

Judicial estoppel is pertinent to a debtor's motion to reopen a case if it may affect the likelihood of recovery for creditors, and should be addressed as such. However, the bankruptcy court in which the debtor's case had been pending is not the appropriate forum of litigating and ultimately determining whether the debtor is estopped from bringing a claim before another court. As stated by the Bankruptcy Court for the Southern District of Georgia:

> Here, when Debtor originally filed his bankruptcy petition and failed to schedule the claim against AGL, no judicial estoppel argument arose. Only when the subsequent representation was made (in the United States District Court case) did the estoppel issue arise. It seems self-evident that if the principle is invoked to protect the integrity of the judiciary, then it must be invoked in the Court in which the apparent self-serving contradiction occurred and in which the defense is first asserted.

In re Dewberry, 266 B.R. at 920. Any claims against the debtor based on judicial estoppel must be resolved in the pending state court action.

The debtor will be granted the opportunity to reopen her case so that the asset may be administered by the bankruptcy estate. We find persuasive those cases that assert that a debtor's bad faith should not deprive creditors of a prepetition asset. We understand the concern of some courts that allowing a debtor the benefit of an asset not previously disclosed, perhaps in bad faith, would impose upon the integrity of the bankruptcy court. E.g., In re McMellon,

448 B.R. at 895.  Nonetheless, it is apparent that other remedies exist to prevent the debtor from benefitting from undisclosed assets, such as a denial of exemptions.  Here, the Chapter 7 trustee supports the debtor's motion to reopen.  The debtor's failure to disclose an asset should not preclude a potential recovery to creditors, especially when the bankruptcy court has the opportunity to prevent the debtor from benefitting from the asset she failed to disclose.

## CONCLUSION

For the foregoing reasons, the court concludes that Harrah's Resort Atlantic City lacks standing to oppose the debtor's motion to reopen the case.  The debtor's motion may be granted for the purpose of administering a potential asset of the debtor's bankruptcy estate.  A Chapter 7 trustee shall be appointed.  Debtor's counsel is directed to submit a proposed form of order in conformance with this opinion.

Dated:   April 12, 2012

_____
JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT